# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-264
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | Chief Special Master Corcoran |
| NICOLE MOATS, | * | |
| Petitioner, | * | Filed: October 9, 2019 |
| v. | * | |
| | * | Motion for Decision Dismissing |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Petition. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Diana Lynn Stadelnikas*, Maglio Christopher and Toale, PA, Sarasota, FL, for Petitioner.

*Adriana Ruth Teitel*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING CASE[1]

On February 20, 2018, Nicole Moats filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that the influenza vaccine she received on October 7, 2016, caused her to suffer from idiopathic thrombocytopenia purpura ("ITP"). Pet. at 2.

After the claim's initiation, Petitioner filed medical records, exhibits, and an affidavit to support the claims in her Petition. Respondent reviewed Petitioner's filings and filed a Rule 4(c)

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Report, maintaining that Petitioner was not entitled to compensation. *See* Resp.'s Rule 4(c) Report, filed November 20, 2018 (ECF No. 17). Specifically, Respondent argued that Petitioner had: (1) failed to set forth a reliable medical theory; and (2) failed to put forth a logical sequence of cause and effect that her ITP was the result of her flu vaccine. *Id.* at 5.

Later, on February 27, 2019, Petitioner was directed to file an expert report on or before May 17. 2019. On May 3, 2019, Petitioner filed a motion for extension of time to file her expert report. (ECF No. 21). That motion was granted, and Petitioner's deadline was extended to July 2, 2019. Then, on July 2, 2019, Petitioner filed her second motion for extension of time to file her expert report. (ECF No. 23). That motion was also granted, extending the deadline to September. Subsequently, Petitioner filed another motion for an extension of time. (ECF No. 24). Therein, Petitioner indicated she would not be filing an expert report, but requested thirty days to consider the procedural options available in the Program. *Id.* I granted the motion and ordered Petitioner to file, on or before October 3, 2019, a motion for ruling on the record or a status report proposing some other means of the claim's resolution.

Responding to my previous order, Petitioner filed a motion for decision denying compensation. Pet'r's Mot., filed September 16, 2019 (ECF No. 25). In it, Petitioner stated that she had filed all evidence she believed relevant to this matter and did not intend to file any further evidence. *Id.* at 1. Additionally, Petitioner waived the right to any hearing or further proceeding in this matter. *Id.* Petitioner also stated that she does intend to protect her rights to file a civil action in the future—and pursuant to Section 300-21(a)(2), she intends to reject the Vaccine Program Judgment against her and elect to file a civil action. *Id.* at 2. Respondent has not lodged an objection to the claim's dismissal.

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof, nor has Petitioner provided a medical expert or opinion to support her claim that the flu vaccine caused her ITP. Therefore, without more, Petitioner's claim cannot succeed and must be dismissed. Section 11(c)(1)(A).

Accordingly, I hereby **DISMISS** Petitioner's case. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master
