# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-264V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
NICOLE MOATS,                    *
                                 *    Chief Special Master Corcoran
                                 *
            Petitioner,           *    Filed: May 5, 2020
                                 *
      v.                         *
                                 *    Attorney's Fees and Costs.
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
                                 *
            Respondent.          *
                                 *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Diana L. Stadelnikas*, Maglio Christopher and Toale, PA, Sarasota, FL, for Petitioner.

*Adriana R. Teitel*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On February 20, 2018, Nicole Moats filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged she suffered from idiopathic thrombocytopenia purpura as a result of the influenza vaccine she received on October 7, 2016. Petition (ECF No. 1). On September 16, 2019, Petitioner filed a motion for a decision, and on October 9, 2019, I dismissed the petition for insufficient proof. ECF No. 26.

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from the public Decision.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Petitioner has now filed a motion requesting final attorney's fees and costs, dated December 23, 2019 (ECF No. 31) ("Fees App."). Petitioner requests a total award of $21,478.12 (representing $20,686.10 in fees, plus $792.02 in costs). Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants that she has not personally incurred any costs in pursuit of this litigation. ECF No. 41. Respondent reacted to the Fees Motion on January 2, 2020, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to my discretion to determine the amount to be awarded. Response, ECF No. 32, at 2-3. Petitioner filed a reply on January 8, 2020, reiterating her belief that the requested amount of fees and costs is reasonable. ECF No. 33.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding final attorney's fees and costs in the amount of **$21,478.12**.

**ANALYSIS**

I have in prior decisions set forth at length the criteria to be applied when determining if fees should be awarded for an unsuccessful claim. *See, e.g.*, *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *4-5 (Fed. Cl. Spec. Mstr. May 26, 2016), *aff'd on other grounds*, 128 Fed. Cl. 724 (2016); *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *5-6 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). In short, a petitioner can receive a fees award even if their claim fails, but to do so they must demonstrate the claim's reasonable basis through some objective evidentiary showing and in light of the "totality of the circumstances." The nature and extent of an attorney's investigation into the claim's underpinnings, both before and after filing, is a relevant consideration. *Cortez v. Sec'y of Health & Human Servs.*, No. 09-176V, 2014 WL 1604002, at *6 (Fed. Cl. Spec. Mstr. Mar. 26, 2014); *Di Roma v. Sec'y of Health & Human Servs.*, No. 90–3277V, 1993 WL 496981, at *2 (Fed. Cl. Spec. Mstr. Nov. 18, 1993) (citing *Lamb v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 255, 258–59 (1991)).

Although Petitioner was not successful in her claim, I do not doubt that the claim was filed in good faith. Additionally, I find that a reasonable basis existed for the filing of the petition. Respondent also has not argued that the claim lacked reasonable basis. Accordingly, a final award of attorneys' fees and costs is appropriate.

Determining the appropriate amount of that award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888

(1984)).[3] The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera*, 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner requests the following rates for the work of her counsel, Ms. Diana Stadelnikas: $359.00 per hour for work performed in 2016, $372.00 per hour for work performed in in 2017, $396.00 per hour for work performed in 2018, and $415.00 per hour for work performed in 2019. Fees App. Ex. 1 at 11. These rates are consistent with what Ms. Stadelnikas has previously been awarded by me and other special masters for her work in the Vaccine Program, and they are reasonable for the work performed in the instant case. In addition, I have reviewed the billing entries and otherwise find them to be reasonable. The billing entries describe with sufficient detail the task being performed and the time spent on each task. Respondent has not identified any particular entries as objectionable and upon review, I did not find any entries to be objectionable either. Accordingly, Petitioner is entitled to a final award of attorney's fees of **$20,686.10**.

I will next turn to costs. Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992); *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999) ).

Petitioner requests $792.02 in overall costs. Fees. App. Ex. 2 at 1. This amount is comprised of obtaining medical records, the filing fee, and postage. I have reviewed all of the requested costs and find them to be reasonable, and Petitioner has provided adequate documentation supporting them. Accordingly, Petitioner is entitled to the full amount of costs requested.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$21,478.12** as a lump sum in the form of a check jointly payable to Petitioner and her counsel, Ms. Diana Stadelnikas, Esq. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.